# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1821 | **DATE** | 3/19/2003 |
| **CASE TITLE** | Clyde Williams vs. Cicero Police Department | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at_____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Williams' request for in forma pauperis status is granted. (4-1) As soon a Williams completes the motion forms for appointment of counsel with some appropriate showing of an unsuccessful attempt or attempts on his part to retain legal counsel, this Court will act on the renewed Motion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 20 2003 | 6 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/19/2003 date mailed notice | |
| SN | courtroom deputy's initials | 03 MAR 19 PM 4:05 date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLYDE WILLIAMS,           )
                          )
            Plaintiff,    )
                          )
    v.                    )    No.  03 C 1821
                          )
CICERO POLICE DEPARTMENT, )
                          )
            Defendant.    )

## MEMORANDUM ORDER

Clyde Williams ("Williams") has just submitted a self-prepared one-page handwritten Complaint against the Cicero Police Department ("Department"), coupled with his filled-out forms of an In Forma Pauperis Application ("Application") and Motion for Appointment of Counsel ("Motion"). Although nonlawyer Williams is understandably unaware (1) that the Department is not a suable legal entity and (2) that in all events a 42 U.S.C. §1983 complaint of this nature should target the police officers involved rather than the Department or the Town of Cicero itself, this Court concludes that under the teaching of Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)--which calls for reading such pro se pleadings with a particularly generous eye--the action should be permitted to proceed.

Because the Application does provide a satisfactory showing as to Williams' inability to pay the $150 filing fee, his request for in forma pauperis status is granted. As for the Motion, however, Williams has not satisfied our Court of Appeals'



requirement that a plaintiff must reflect some efforts to obtain legal representation on his or her own before the court can be in a position to appoint counsel to handle the matter. Accordingly fresh copies of the Motion form are being transmitted to Williams with a copy of this memorandum order--and as soon as he completes those forms with some appropriate showing of an unsuccessful attempt or attempts on his part to retain legal counsel, this Court will act on the renewed Motion.

As and when that takes place, this Court will expect to look to the appointed counsel to engage in appropriate efforts to ascertain the identity of the officer or officers who engaged in the asserted violation of Williams' Fourth Amendment rights.[1] Until then, the "Cicero Police Department" will remain as the nominal party defendant, despite the difficulties in that respect identified earlier in this memorandum order.

                                                   /s/ Milton I. Shadur
                                            Milton I. Shadur
                                            Senior United States District Judge

Date:    March 19, 2003

---

[1] As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).