# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1821 | **DATE** | 4/14/2003 |
| **CASE TITLE** | | Clyde Williams vs. Cicero Police Department | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Cicero's Rule 12(b)(6) motion is granted. And because Williams' candid allegations provide no wiggle room for changes that would arguable wrap him within a Section 1983 mantle, this action is dismissed as well. That renders Williams' motion for appointment of counsel moot, and it is denied on that ground. (11-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | APR 1 6 2003 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | 4/14/2003 date mailed notice |
| | Copy to judge/magistrate judge. | |
| SN | courtroom deputy's initials | SN mailing deputy initials |
| | Date/time received in central Clerk's Office | |

Document Number: 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLYDE WILLIAMS, )
)
        Plaintiff, )
)
v. ) No. 03 C 1821
)
CICERO POLICE DEPARTMENT, )
)
        Defendant. )

MEMORANDUM OPINION AND ORDER

APR 1 6 2003

On April 11, 2003 there were delivered to this Court's chambers both (1) the properly-filled-out Motion for Appointment of Counsel ("Williams' Motion"), identifying a number of unsuccessful efforts by pro se 42 U.S.C. §1983 ("Section 1983") plaintiff Clyde Williams ("Williams") to retain counsel on his own[1] and (2) the motion to dismiss filed by the Town of Cicero ("Cicero," which came into the case instead of Williams' incorrectly named defendant, the "Cicero Police Department").[2]

If Williams' self-prepared Complaint stood any chance of keeping him in court in the face of Cicero's motion, this Court

---

[1] That action was taken in response to this Court's March 19, 2003 memorandum order ("Order"), which allowed Williams to proceed with this action initially by viewing his Complaint through a generous lens as taught by Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam).

[2] As the Order pointed out, the proper defendant in any Section 1983 action of the type sought to be advanced by Williams would actually be the individual police officer involved, not Cicero as such. But in light of the analysis hereafter set out in this opinion, Williams would fare no better if he were to identify the arresting officer and seek to state a claim against him or her.

that negates a Fourth Amendment violation even though Williams turned out to be the wrong person (<u>Marshall</u> and cases cited there).

That being the case, as stated at the outset of this opinion, Cicero's Rule 12(b)(6) motion is granted. And because Williams' candid allegations provide no wiggle room for changes that would arguably wrap him within a Section 1983 mantle, this action is dismissed as well. That renders Williams' Motion moot, and it is denied on that ground.

                              Milton I. Shadur
                              Senior United States District Judge

Date: April 14, 2003

RECEIVED
MAR 13 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 14 200

Case No. 03C 1821
JUDGE SHADUR
MAGISTRATE JUDGE MASON

Plaintiff(s): Clyde Williams

v.

Defendant(s): Cicero Police Dept (and parties)

## COMPLAINT

On or about March 6, 2003 while walking to the bus stop with a friend, I was stopped by an officer of the Cicero Police Department, handcuffed and told that I fit the description of a person wanted for murder.

I was told our descriptions were similar, our Social Security Number were similar, and our birthdays were similar.

I then told officers that it was not me and to clear matters up all he had to do was check my wallet for my identification. Officer then removed my wallet from my back pocket. Officers then remove my [STATE OF ILL. I.D. CARD] my (Social Security Card,) my (Medical Insurance card), and other various forms of I.D. But, officers still refused to uncuff and release me. Instead I was placed into a Cicero police car still cuffed, transported to Cicero police Department, finger printed and locked up until my finger prints cleared and was then released.

Where fore I was negated constitutional rights, false arrest and equal protection under the law and fundamental fairness. Thank you and God Bless.

Clyde Williams