

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLYDE WILLIAMS,           )
                          )
        Plaintiff,        )
                          )
v.                        )   No. 03 C 1821
                          )
OFFICER VARGAS, et al.,   )
                          )
        Defendants.       )

MEMORANDUM OPINION AND ORDER

On March 13, 2003 Clyde Williams ("Williams") filed a self-prepared Complaint against the Cicero Police Department ("Department"), alleging that his constitutional rights were violated when he was mistakenly arrested by Department officers searching for a murder suspect who shared several (though not all) of Williams' characteristics. Even when viewed through the generous lens dictated by Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam), that initial complaint was insufficient in terms of the relevant standard as articulated in United States v. Marshall, 79 F.3d 68, 69 (7th Cir. 1996):

> In circumstances where the police mistake a person for someone else they seek to validly arrest, the arrest is constitutional if the arresting officers (1) have probable cause to arrest the person sought and (2) reasonably believe that the person arrested is the person sought.

This Court therefore granted the Department's motion to dismiss in its memorandum opinion and order ("Opinion") dated April 14, 2003.

Since then several events have contributed to the revival

and ongoing pendency of the action. First this Court then granted Williams' motions for reconsideration and for appointment of counsel, and the appointed counsel filed a Second Amended Complaint ("SAC"). Disagreements then arose between Williams and his counsel about how (and whether) to proceed following defendants' Answer to the SAC, eventuating in counsel's motion for leave to withdraw and Williams' motion to have new counsel appointed. After this Court then requested and considered the civil case equivalent of an Anders brief (see Anders v. California, 386 U.S. 738 (1967)) from the appointed counsel, it granted the motion to withdraw but denied Williams' request for new counsel.

When the dust had settled, Williams was thus left to pursue his case further without the assistance of counsel, although of course the SAC that had been authored by his appointed counsel remained the operative filing in the case. Thereafter the newly named defendants, Officers Samuel Vargas and James Siwiek (collectively "Officers"), responded by targeting the SAC in a Fed. R. Civ. P. ("Rule") 56 motion for summary judgment. With Williams' response now having been filed, Officers' motion is ripe for disposition.

In an attempt to avoid the same fate that befell the original Complaint, the SAC had made two substantive changes (in addition to many other cosmetic changes). As an initial matter,

2

the SAC identified Officers as the specific policemen involved, properly substituting them as defendants in place of the Department. That substitution is directly responsive to the requirement, identified in this Court's earlier March 19, 2003 order, that only state actors who have directly infringed a plaintiff's constitutional rights are the proper targets of actions brought under Section 1983.[1] But the substitution really does nothing to address the original Complaint's fatal weaknesses identified in the Opinion. Indeed, Opinion at 1 n.2 observed that "Williams would fare no better if he were to identify the arresting officer and seek to state a claim against him or her."

If Williams' claim is to be salvaged, then, it must come as a result of the SAC's second substantive change, which is clearly designed to address the fundamental shortcomings of the original Complaint. That change comprises these two paragraphs:

> 12. The murder suspect was born in Chicago, Illinois on April 21, 1968, he is 5'11", 165 pounds and has a distinct tattoo on his forearm.
>
> 13. Plaintiff does not have any tattoos. At no time did the police officers ask to see plaintiff's forearm.

Williams contends that the physical discrepancy between him and the murder suspect in terms of the latter's forearm tattoo causes his arrest to run afoul of Marshall's second requirement (79 F.3d

---

[1] Even apart from that requirement, the Department is not a legal entity and therefore cannot be sued in any event. But for the reason stated in the text, the Town of Cicero would not have been a proper defendant here either.

at 69) that the arresting officers "reasonably believe that the person arrested is the person sought."

But Williams cannot look to those allegations to stave off summary judgment. Rule 56(e) makes that plain:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

And this Court, as it always does with pro se litigants facing a Rule 56 motion, sent Williams a letter (Ex. 1 to this opinion) that apprised him of what was required of him--also enclosing copies of the relevant portion of Rule 56 as well as of this District Court's LR 56.1 implementing that Rule.

Despite the clarity of that message, Williams' November 17, 2004 response was wholly deficient in both Rule 56(e) and LR 56.1(b) terms. That alone would justify granting Officers' properly supported summary judgment motion. But lest that be perceived by pro se plaintiff Williams as only a technical basis for dismissing his case, this opinion will go on to analyze the case as though the SAC allegations had been supported as Rule 56(e) requires (as they have not).

Even in those terms Williams loses, because his argument about the forearm tattoo is substantively unpersuasive. Williams identifies only one piece of information, a Chicago Police

4

Department computer report, that says the murder suspect had a forearm tattoo. But no evidence suggests, even with the benefit of all reasonable inferences in Williams' favor, that Officers possessed that information at the time of the arrest--instead Williams urges that they should have made greater efforts to obtain that information before detaining him (P. Mem. 8). That, however, is not the law: Cases such as Johnson v. Miller, 680 F.2d 39, 41 (7th Cir. 1982) teach that requiring police officers to eliminate the possibility of any discrepancy between wanted criminals and encountered individuals would have the impermissible effect of inhibiting the apprehension of criminals. And that is especially true when an individual whose name and some other relevant characteristics are similar to those of a wanted criminal is encountered on the street rather than in a home (Patton v. Przybylski, 822 F.2d 697, 699-700 (7th Cir. 1987)).

Instead the standard is one of reasonableness. Given the substantial similarities between the murder suspect and Williams (identical name and race, similar birth date and height), and given the limited detention of Williams pending the return of fingerprint results (police records reflect a detention of 2 hours 15 minutes, though Williams claims--without the requisite evidentiary showing--a detention of 6 to 8 hours), Officers' decision to bring Williams in for identification verification

5

certainly meets that standard. And because no reasonable jury could conclude otherwise, summary judgment in favor of Officers is warranted (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).[2]

In short, the assertions in Williams' SAC, even had they been presented as Rule 56(e) requires, cannot suffice to overcome the force of established caselaw that compels the entry of summary judgment. Our Court of Appeals has upheld dismissals of cases where the similarities have been much more tenuous than here (Johnson, 680 F.2d at 40) and where the resulting detention has been much more onerous than here (White, 56 F.3d at 819).

Because there is thus no genuine issue of fact to controvert Officers' entitlement to a judgment as a matter of law, their motion for summary judgment is granted. This action is dismissed.

                                     */s/ Milton I. Shadur*
                                     Milton I. Shadur
                                     Senior United States District Judge

Date: February 3, 2005

---

[2] As an additional basis for summary judgment, Officers claim that they are entitled to qualified immunity. But because this opinion concludes that no violation of Section 1983 exists in any event, there is no need to assess that claim (White v. Olig, 56 F.3d 817, 821 n. 2 (7th Cir. 1995)).

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

CHAMBERS OF
MILTON I. SHADUR
SENIOR JUDGE

CHICAGO, ILLINOIS 60604

September 15, 2004

Mr. Clyde Williams
P.O. Box 490748
Chicago IL 60649

        Re: Williams v. Officers Vargas and Siwiek
            No. 03 C 1821

Dear Mr. Williams:

    As you know, the lawsuit that you have brought against Cicero Police Officers Vargas and Siwiek ("defendants") is pending before this Court. On September 7, 2004 defendants filed their motion for summary judgment, together with supporting papers, in accordance with Rule 56 of the Federal Rules of Civil Procedure.

    As contemplated by Rule 56, I have ordered that any responsive materials that you plan to file must be submitted--mailed to me in my chambers--in time to arrive here on or before October 19, 2004. When I have reached my decision on the motion, my minute clerk will advise both you and defense counsel to that effect.

    In addition to their summary judgment motion, defendants have served you with a form of Notice to Pro Se Litigant Opposing Motion for Summary Judgment, telling you about such motions and the procedure involved. But because of the importance and potentially final nature of a summary judgment motion, this letter is intended to inform you further of the consequences if you were to ignore the Court's order, or if any materials that you do submit are legally insufficient. By their motion for summary judgment, defendants are asking to have the suit decided in their favor without a full-scale trial, based on the evidence presented in the documents attached to their motion. Unless you answer the motion with your own affidavits or properly supported documentary evidence or both, only defendants' evidence will be before this Court. Thus your failure to respond in that way would be the equivalent of your failing to present any evidence in your favor at a trial.

Ex. 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

CHAMBERS OF
MILTON I. SHADUR
SENIOR JUDGE

CHICAGO, ILLINOIS 60604

Mr. Williams
September 15, 2004
Page Two

    Under Rule 56(e) of the Federal Rules of Civil Procedure, a copy of which is enclosed, you may not simply rest on any unsworn documents that you may previously have filed in court. Such documents are not a proper response to a motion for summary judgment. Under the same Rule, if you do not submit affidavits or documentary evidence now, I may accept the facts that have been declared in defendants' submission as true and (if those facts justify a decision in defendants' favor) may enter summary judgment against you. In that event you will have lost your case, and judgment will be entered in defendants' favor.

    That same result may follow if any matters that you do submit are not legally sufficient to establish your claim against defendants. Of course I am not in a position to indicate what is necessary for that purpose. Instead I will simply evaluate any submission that you choose to file on or before the October 19 deadline.

    To assist judges in determining whether any factual disputes exist and, if they do, whether such disputes are legally significant, our District Court has adopted its own rules--LR 56.1 and 56.2, photocopies of which are also enclosed--to supplement Rule 56. Defendants have already complied with LR 56.1(a) by providing their Statement of Uncontested Facts. As part of any submission you choose to file, you will be expected to comply with LR 56.1(b)(as you will note, that Rule specifically provides that unless your own statement in response shows that any part or parts of defendants' LR 56.1(a) statement is or are disputed, the statement [or the parts not identified by you as in dispute] will be considered as having been admitted by you).

                            Sincerely,

                              Milton I. Shadur

MIS:wb
enclosure

cc:   Nicholas Geanopoulos, Esq.