**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Submitted June 29, 2005[*]
Decided June 30, 2005

Before

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1523

| | |
|---|---|
| CLYDE WILLIAMS,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>SAMUEL VARGAS and JAMES SIWIEK,<br>*Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 03 C 1821<br><br>Milton I. Shadur,<br>*Judge*. |

ORDER

Clyde Williams sued Officers Samuel Vargas and James Siwiek of the Cicero, Illinois police for unlawful arrest after they mistook him for someone named in a warrant and detained him. The district court granted summary judgment for the officers, concluding that they had probable cause to arrest the person in the warrant and that their actions were reasonable. We affirm.

Officers Vargas and Siwiek arrested Williams in March 2003 because they thought that he was the man named in a warrant issued in Chicago for the arrest of a murder suspect. The confusion began when Siwiek saw Williams drive by in a red

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

No. 05-1523                                                                                                Page 2

Lincoln with its tail nearly scraping the ground. Siwiek retrieved computerized information on the license plate number from the National Crime Information Computer (NCIC) system and learned that the car belonged to a Clyde Williams—a name for which there was an outstanding warrant. The computer's entry on the suspect described him as black, six feet tall, and 160 pounds. Siwiek radioed that the suspect might be driving the red Lincoln, and Vargas, who was driving another patrol car, spotted the Lincoln parked on the roadside. Vargas saw Williams—a six foot one, 220-pound black man—on a nearby sidewalk and stopped him. Williams identified himself, and Vargas told him that a man with the same name and similar description was wanted for murder. Vargas' computer (also linked to NCIC) showed that the Clyde Williams sought by police had used four birth dates, including March 18, 1961, and that the appellant had the same birthday (but one year later). Vargas asked Williams to go to the station to verify his identify and then handcuffed him. By this time, Siwiek had arrived, and he took Williams to the station, detaining him for two hours until fingerprint analysis excluded him as the man sought for murder.

Williams sued under 42 U.S.C. § 1983, claiming unlawful arrest under the Fourth and Fourteenth Amendments and asserting that the officers should have been able to distinguish him from the suspect. The court granted the officers' motion for summary judgment. First, the court noted that Williams' response to the motion was wholly insufficient because it failed to comply with the summary judgment rules as it included neither affidavits nor a statement of facts. Nevertheless, the court went on to conclude that the arrest was constitutional because the officers reasonably believed Williams was the suspect whom they had probable cause to arrest—given that the two men had the same name, height, race and similar birth dates.

On appeal Williams argues that the arresting officers did not have enough information reasonably to think that he was the man named in the warrant. Williams, however, misunderstands the standard. An arrest is constitutional if arresting officers have probable cause to arrest someone and reasonably believe that they are arresting the person they seek. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Hill v. California*, 401 U.S. 797, 802–04 (1971); *United States v. Marshall*, 79 F.3d 68, 69 (7th Cir. 1996). Applying this rule, we have held that there was no constitutional violation when officers mistakenly arrested individuals whose names matched the names or aliases on outstanding warrants despite discrepancies in descriptions. *White v. Olig*, 56 F.3d 817, 818–20 (7th Cir. 1995) (height difference of five inches and confusion about race); *Brown v. Patterson*, 823 F.2d 167, 168–69 (7th Cir. 1987) (discrepancies in address and birth date); *Patton v. Przybylski*, 822 F.2d 697, 698–700 (7th Cir. 1987) (different birth dates and addresses); *Johnson v. Miller*, 680 F.2d 39, 40–41 (7th Cir. 1982) (different races). We explained that requiring officers to ferret out any possible discrepancy before acting on the warrant

No. 05-1523　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

would permit "a golden moment to pass," especially if the person whom they believe the warrant names is on the street. *Marshall*, 79 F.3d at 69; *Patton*, 822 F.2d at 699–700; *Johnson*, 680 F.2d at 41. Here, Williams and the suspect not only had the same name, they were the same race, about the same height, and shared similar birth dates. Although Williams argues that the officers should have gotten more information from Chicago police, he places a greater burden on police than we require. The officers acted reasonably, and we AFFIRM the district court's judgment.